IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LESLIE JAY BEAVERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-6214-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff asserts disability beginning April 1, 2004, due to a combination of impairments. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

Plaintiff contends the ALJ erred in: (1) applying an incorrect legal standard concerning ability to work; (2) rejecting medical

1 - ORDER

evidence; (3) rejecting plaintiff's testimony; and (4) rejecting lay testimony.

A.   Legal Standard

Plaintiff argues that the ALJ applied an incorrect legal standard concerning ability to work contending the ALJ evaluated plaintiff's ability to perform any work rather than considering plaintiff's ability to perform substantial gainful activity on a sustained basis.  Plaintiff's argument is better suited to his argument regarding the ALJ's rejection of various medical opinion and plaintiff's testimony as it assumes the ALJ should have accepted such evidence that plaintiff is unable to perform sustained full-time competitive employment.

B.   Plaintiff's Credibility

Plaintiff asserts that he can sit for only 10 to 15 minutes and needs to lie down for 30 to 45 minutes four to five times a day.  The ALJ determined plaintiff to lack credibility finding the record suggests plaintiff exaggerates his symptoms and because of plaintiff's on-going work as a part-time truck driver.  TR. 20-22.

Dr. Leslie Davidoff stated that there were inconsistencies and poor effort during plaintiff's exam and that objectively, plaintiff has the capacity to stand at least six hours in eight-hour day and sit without restriction, but subjectively plaintiff would not think

this possible. Tr. 223, 224-25. It is not clear if this report or any other medical report in the record supports a finding that plaintiff is exaggerating his symptoms. Moreover, plaintiff's part time work is extremely sparse and it is also not clear if such activity is inconsistent with plaintiff's testimony.

Furthermore, although the ALJ noted that plaintiff sat for an hour during the hearing, this is generally not appropriate for an adverse credibility determination. Moreover, the ALJ did note sparse medical treatment, but claimant did cite a lack of resources for such treatment. The ALJ mentioned options that plaintiff could pursue for medical care, but the record is not developed in that regard. In general, the record needs further development regarding plaintiff's credibility.

## C.   Medical Evidence

Plaintiff argues that the ALJ improperly rejected medical evidence including limitations asserted by Dr. Martin Kehrli, the opinion of Dr. John Sharrer, and limitations asserted by Drs. Samuel Scheinberg and Brian Denekas.

### 1.   Dr. Kehrli

Plaintiff contends that although the ALJ accepted Dr. Kehrli's report, he failed to include some of the limitations expressed by Dr. Kehrli in framing a hypothetical for the vocational expert's

3 - ORDER

assessment. The ALJ did not address Dr. Kehrli's limitation on plaintiff's ability to kneel and crouch and did not include such a limit in the hypothetical to the vocational expert. See Tr. 228, 19, 21. A remand is necessary to address the limitation noted by Dr. Kehrli.

### 2. Dr. Sharrer

Dr. Sharrer opined that plaintiff's chronic lower back pain would not permit sustained full-time work activity and would require plaintiff to miss more than two days of work per month. Tr. 252-53. The ALJ rejected this opinion because it was based on plaintiff's subjective complaints which the ALJ found to lack credibility and because it was at odds with plaintiff's on-going part time work as a truck driver. Tr. 20-21. As noted above, the record needs further development regarding the credibility of plaintiff's subjective complaints.

### 3. Drs. Scheinberg and Denekas

Plaintiff contends the ALJ failed to properly account for Drs. Scheinberg's and Denekas' frequency of lifting limitation. Upon remand, this issue can be addressed.

### D. Lay Testimony

Plaintiff argues that ALJ improperly rejected the statements

4 - ORDER

of Kathryn Hadden regarding plaintiff's limited daily activities. The ALJ stated that the statement was credible to the extent it was consistent with the observations of Dr. Davidoff and Dr. Keiper but did not specifically state what portions he rejected. Hadden's statement can be explored upon remand as well.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings.

DATED this   13th   day of    March   , 2009.

                                  s/ Michael R. Hogan
                              UNITED STATES DISTRICT JUDGE